UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GORDON A. BRYANT,
   Plaintiff,

vs.                                         No. 07-3032

DOCTOR MAUER, et. al.,
   Defendants

## CASE MANAGEMENT ORDER

     This cause is before the court for case management and consideration of various pending motions including: 1) the plaintiff's motion for a copy of medical records [d/e 55]; 2) plaintiff's "motion to remind the court the issues of the case..." [d/e 57]; and 3) the defendants motion to renew their motion for summary judgement [d/e 61]

     The pro se plaintiff filed his lawsuit pursuant to 42 U.S.C.§1983 on January 30, 2007 against Defendants Sangamon County Jail Dr. Joseph Maurer, Nurse Kendra Fabish and Sangamon County Sheriff Neil Williamson. On March 30, 2007, the court conducted a merit review of the plaintiff's complaint and concluded that the plaintiff had stated "a claim for deliberate indifference to his serious medical needs under the Eighth Amendment (or the 14th Amendment, if he was pretrial detainee at the time)." March 20, 2007 Text Order. The court also noted that it was possible the plaintiff's claims might be barred based on the statute of limitations, but this issue was left for a more developed record. *Id.*

     The plaintiff has filed a motion asking the defendants to provide him with a copy of all medical records they have acquired since an order was entered pursuant to the Health Insurance Portability and Accountability Act (HIPAA). [d/e 55] The defendants have responded that they agreed to send copies to the plaintiff, but were waiting to make sure they had received all documents. The defendants say they have now provided the plaintiff with copies of all medical records they have received.

     In this motion, the plaintiff also asks the court to help him obtain a copy of a court transcript from a December 16, 2004 hearing in a federal court criminal case. As this court has previously explained, the criminal matter was not before this court and this court cannot provide discovery expenses for the plaintiff. *See* April 4, 2008 Court Order, *see also Smith v. Campagna*, 1996 WL 364770 at 1 (N.D. Ill. June 26, 1996) (the "court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. §1915(a).") More importantly, in later motions filed by the plaintiff, it is apparent that he has now obtained a copy of this transcript. [d/e 59] The plaintiff's motion is denied as moot. [d/e 55]

The plaintiff has also filed a "Motion to Remind the Court of the Issues of the Case and Forwarding Additional Authorities and Information." [d/e 57]  It is not at all clear why the plaintiff has filed this motion except to argue his case.  There was no pending dispositive motion at the time this document was filed, nor was there any other motion that required this type of response. Since this is not a proper motion, it is denied.   However, the court needs to respond to one comment made by the plaintiff.  The plaintiff states:

> The main and only issues of this case are the deliberate indifference toward treating the plaintiff for Mya Sthenia Gravis or referring him for proper tests to a neurologists and the loss of property. (Mot, p. 1)

The plaintiff did not clearly state a claim concerning the loss of property in his complaint.  The plaintiff did mention that a Bible and some legal documents were taken by a property officer and not returned.  The plaintiff was able to obtain replacement copies of the legal documents, but not a replacement for the Bible.   However, it was not clear that the plaintiff intended this as a claim.  The plaintiff did not name any defendant who was responsible for this action, nor did he mention it in his claims for relief.

In addition, the court clearly identified the ONLY issue in this case in its March 30, 2007, court order was based on a deliberate indifference to the plaintiff's medical condition. Despite the fact that the plaintiff has filed numerous motion since that time, he never asked to clarify his claims or add any additional claims until filing this motion more than a year later.

More importantly, the plaintiff did not allege that the property deprivation took place according to any established state procedure or that he had no adequate remedy under state law. Therefore, the plaintiff failed to state a violation of his constitutional rights based on the taking of his property. *Antonelli v Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996).  Consequently, there is NO property claim before this court.

The court notes the plaintiff has also filed several documents with the court that appear to by an effort to support the claims in his complaint.  For instance, the plaintiff has filed a document entitled "Forwarding of Additional Discovery from my Medical Record That Was Not Made Available to Me at Springfield, Mo." [d/e 59] It appears the plaintiff is filing his discovery with the court.  The plaintiff should provide copies of his discovery to defense counsel, but not to the court.   The plaintiff has also filed a document entitled "Information Obtained from 2005 Edition of Encyclopedia Britannica Concerning Mya Sthenia Gravis." [d/e 62]   Again, it appears the plaintiff is filing his discovery with the court. *See* CDIL 26.3(routine discovery shall not be filed with the court).   The clerk of the court is directed to strike both of these documents. [d/e 59, 62]

The defendants' motion to renew their motion for summary judgement is granted. [d/e 61] The plaintiff has filed a "Motion in Response" and "Renewed Motion" for a summary judgment. [d/e 63] The motion is denied.  The plaintiff has not filed a proper motion for summary judgement, nor has the plaintiff filed a previous motion for summary judgement that the court

can "renew."

The plaintiff now has twenty-one (21) days to file a response to the renewed motion for summary judgement. "Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

**IT IS THEREFORE ORDERED that:**

**1) The clerk of the court is directed to update the docket to reflect the full names of the defendants. Defendant Mauer is "Defendant Dr. Joseph Maurer" and Defendant Kendra is "Defendant Kendra Fabish**."

**2) The plaintiff's motion for a copy of medical records and a transcript is denied as moot. [d/e 55]. The defendants have provided copies of the medical records and the plaintiff has acquired a copy of the transcript.**

**3) The plaintiff's "Motion to Remind the Court of the Issues of the Case and Forwarding Additional Authorities and Information" is denied [d/e 57] This is not a proper motion.**

**4) The clerk of the court is directed to strike plaintiff's** "**Forwarding of Additional Discovery from my Medical Record That Was Not Made Available to Me at Springfield, Mo" [d/e 59] and "Information Obtained from 2005 Edition of Encyclopedia Britannica Concerning Mya Sthenia Gravis." [d/e 62] There is no motion pending and the plaintiff appears to be improperly filing his discovery with the court.** *See* **CDIL 26.3**

**5) The defendants' motion to renew their motion for summary judgement is**

**granted. [d/e 61] The plaintiff must file a response to this motion within twenty-one (21) days. If the plaintiff does not respond to this case-dispositive motion within 21 days from the date of this order, the motion, if appropriate, shall be granted and the case will be terminated without a trial.** *See Lewis v Faulkner,* **689 F.2d 100 (7th Cir. 1982);** *Timms v Frank,* **953 F.2d 281 (7th Cir. 1992) Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed.** *See* **CDIL 7.1. (B).**

**6) The plaintiff's motion in response to the summary judgement motion and renewed motion for summary judgement is denied. [d/e 63]**

Dated this 10th day of July, 2009.

                    **s\Harold A. Baker**
              _____
                      HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE